IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Markese East, | Civil Action No. 1:22-cv-3292-TLW |
| PLAINTIFF, | |
| v. | |
| Joel Anderson; John Palmer; Victoria Griffin; Charles Williams; Ms. Lim; Susan Duffy; Julia Caine; Daniel Harouff; Mr. Holbrook; Dennis Patterson; Ms. Davis; Stacy Richardson; and Esther Labrador, | ORDER |
| DEFENDANTS. | |

This is a *pro se* action brought by Plaintiff Markese East, a state inmate, pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff filed his complaint on September 26, 2022, against the above-named Defendants and alleges they violated his constitutional rights. *Id.* This matter now comes before the Court for review of the Report and Recommendation ("Report") filed by United States Magistrate Judge Shiva V. Hodges. ECF No. 25. No objections have been filed to the Report and the deadline for filing them has now expired. This matter is therefore ripe for the Court's review.

The Report recommends that the Court dismiss Plaintiff's complaint with prejudice in accordance with Fed. R. Civ. P. 41(b), which provides dismissal for failure to prosecute, comply with the Federal Rules of Civil Procedure, or a court order. *Id.* at 2. The magistrate judge's recommendation is based on the fact that her prior order extending the time to file dispositive motions was returned as

undeliverable. *Id.* at 1. The returned envelope specifically stated, "Return to Sender, Not Deliverable as Addressed, Unable to Forward." *Id.* After receiving this returned envelope, the magistrate judge performed an inmate search with the South Carolina Department of Corrections, which yielded no results. *Id.* Accordingly, the magistrate judge concluded that Plaintiff's failure to comply with her prior order requiring Plaintiff to advise the Court of any change of address, ECF No. 8. *Id.* In light of the above, and specifically that the prior order was delivered as "Unable to Forward," the magistrate judge concluded that Plaintiff wishes to abandon this action. *Id.* at 2. Like the magistrate judge's prior order, the Report was returned to sender stating that it was "REFUSED." ECF No. 27–1.

As noted above, Plaintiff has not filed objections. The Court is charged with a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard in *Wallace*, the Court has reviewed Plaintiff's complaint, the Report, and relevant filings. Like the magistrate judge, it has also found no record of Plaintiff's incarceration status with the South Carolina Department of Corrections.[1] For the reasons stated by the magistrate judge, the Report, ECF No. 25, is **ACCEPTED**. This matter is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

_s/Terry L. Wooten_____
Senior United States District Judge

March 13, 2023
Columbia, South Carolina

---

[1] *See* https://public.doc.state.sc.us/scdc-public/ (last visited March 10, 2023); *see also Phillips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (finding that a court may "properly take judicial notice of matters of public record").